## Phillips *v.* Byrne et al., Appellants.

*Negligence—Automobiles—Rear end collision—Case for jury.*

In an action to recover damages for injuries sustained in a collision between automobiles, the case is for the jury and a verdict will be sustained, where the issue is one of fact as to the actual circumstances of the accident, and the case was submitted in a charge which was free from error.

Argued October 16, 1924. Appeal, No. 54, Oct. T., 1924, by defendants, from judgment of Municipal Court,

216, (1924).] Assignment of Error—Opinion of the Court.

Phila. Co., June T., 1923, No. 469, on verdict for the plaintiff in the case of Herman Phillips v. Joseph T. Byrne, Jr., and John J. Grelis, Executors of the Estate of Joseph T. Byrne, deceased. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KNOWLES, J.

From the record it appeared that the defendant was injured in a rear end collision of two automobiles proceeding in the same direction on Thirty-Third Street in the City of Philadelphia.

Verdict for the plaintiff in the sum of $300 and judgment thereon. Defendants appealed.

*Error assigned* was the refusal of defendant's motion for judgment non obstante veredicto.

*Jay B. Leopold,* and with him *Russell Duane,* for appellants.

*George C. Klauder,* for appellee.

PER CURIAM, December 13, 1924:

The plaintiff's right to recover in this case depended on the sufficiency of the proof he adduced in support of his allegation that the defendant was negligent. He assumed the burden of establishing this, and after a number of eye-witnesses testified to the essential facts of the case, the court below, in a charge that is free from reversible error submitted the question to the jury. The only point presented for instruction was that under the evidence the verdict should be for the defendant. This was refused, and after due consideration the jury returned a verdict in the plaintiff's favor.

We see no reversible error in the trial, and the judgment is affirmed.